GEORGE R. CRAVEN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 29876. Promulgated October 24, 1930.

*Otterbein Creager, Esq.*, for the petitioner.
*W. Frank Gibbs, Esq.*, for the respondent.

OPINION.

VAN FOSSAN: Respondent determined deficiencies of $43.39 and $3,280 for the years 1922 and 1923 and an overassessment of $229.45 for 1924. At the hearing it was stipulated that a deficiency of $43.39 should be found for the year 1922. There being an overassessment for 1924 and it not arising from the denial of a claim in abatement, that year is without our jurisdiction. *Cornelius Cotton Mills*, 4 B. T. A. 255. There remains only the year 1923, as to which the issue is the amount of income received by petitioner.

Petitioner was a member of the partnership of Craven & Berry, engaged in furnishing advertising for and publishing telephone directories. In 1923 petitioner, desiring to withdraw because of ill health, sold his 50 per cent interest to Berry. By the terms of the agreement of dissolution dated September 4, 1923, petitioner was to receive one-half of the balance in bank on the date of agreement in addition to the sum of $34,000 to be paid in 12 equal monthly installments. Petitioner returned as a part of his income approximately $9,000, representing the three payments due in the three remaining months of 1923. His return was made on a cash receipts basis. The evidence shows that the agreement was not carried out in accordance with its terms, but the precise variance was not made clear. The intimation is that Berry, desiring to close the thing out immediately, borrowed sufficient money to pay all of the balance due and paid petitioner in 1923. On the basis of evidence to this effect and satisfactory to him, respondent determined that petitioner received all of the $34,000 in 1923 and determined the deficiency accordingly.

In cases before the Board the presumption of correctness is accorded the respondent's determination. The burden of proof of error is on the petitioner. Where the respondent has determined that a taxpayer received additional income in a given year, the petitioner must prove that he did not receive the same. Though this amounts to the proof of a negative, it is the established rule of the Board and has often been sustained by the courts. There are various ways in which this burden may be discharged. Petitioner may prove what he received and deny on the stand that he received anything additional. He may prove that the disputed payments were made in another year. There are possibly other methods that might suffice.

In the instant case petitioner relied wholly on a faulty memory and the record contains little evidence of any weight. He estimated that 75 cents had been expended by the firm to secure each dollar of business appearing on the books, but the books were not produced. Petitioner admitted that the contract was not carried out according to its terms, but, in answer to a question whether Berry paid him the full amount of $34,000 in 1923, he stated that he did not remember when he paid it. He repeated that he did not know when it was paid and he declined to say it was not paid in 1923.

In his brief petitioner's counsel apparently abandons any contention that the sum of $34,000 was not received in 1923 and contends solely that it was income only in part, being as to the remainder a return of capital. As already noted, the books were not introduced, petitioner's counsel explaining that petitioner did not wish for a few dollars to embarrass his old friend and neighbor Berry, who had claimed and been allowed a deduction of the full $34,000 in 1923. Sentiment and consideration such as this are wholly praiseworthy, but the determination of taxes is a practical matter and the burden of producing evidence was on petitioner's shoulders. The bare estimates given in lieu of accurate testimony do not bear the stamp of probable accuracy.

We are forced to find that as to all issues the petitioner has failed to overcome the presumption of correctness of respondent's determination.

> *Decision will be entered finding deficiencies of $43.39 for 1922 and $3,280 for 1923. Order of dismissal will be entered as to the year 1924.*